IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNNY ANGEL ROMERO,

    Plaintiff,                        CV F 04 6450 OWW WMW P

  vs.                                 ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO FILED SECOND AMENDED COMPLAINT WITHIN THIRTY DAYS

RICHARD LARSON, M.D., et al.,

    Defendants.

      Plaintiff is a former state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      This action proceeds on the first amended complaint, filed in response to an earlier order dismissing the original complaint with leave to amend.  Plaintiff, formerly incarcerated at Delano State Prison,  brings this civil rights action against defendants Richard Larson and Gary Weizbrod, medical doctors employed by the Department of Corrections at Delano State Prison.

      Plaintiff's claim in this complaint is that defendants failed to provide him with adequate medical care.  Plaintiff suffers from cirrhosis of the liver, and the allegations of the complaint are directed at his efforts to receive treatment for his condition.

      The order dismissing the original complaint noted the following.  The complaint is set

1  forth in a narrative format, much like a journal or log.  Plaintiff recounts his activities on various
2  dates, and refers to the conduct of many individuals.   Plaintiff names as defendants Doctor
3  Larson and Doctor Weizbrod, and "supervisors."
4       The statute under which this action proceeds plainly requires that there be an actual
5  connection or link between the actions of the defendants and the deprivation alleged to have
6  been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978);
7  Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects'
8  another to the deprivation of a constitutional right, within the meaning of section 1983, if he does
9  an affirmative act, participates in another's affirmative acts or omits to perform an act which he
10 is legally required to do that causes the deprivation of which the complaint is made." Johnson v.
11 Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
12      Under the Eighth Amendment, the government has an obligation to provide medical care
13 to those who are incarcerated.  See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).  "In
14 order to violate the Eighth Amendment proscription against cruel and unusual punishment, there
15 must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v.
16 Gamble, 429 U.S. 97. 104 (1976)).  Lopez takes a two-prong approach to evaluating whether
17 medical care, or lack thereof, rises to the level of "deliberate indifference."  First, a court must
18 examine whether the plaintiff's medical needs were serious.  See Id.  Second, a court must
19 determine whether "officials intentionally interfered with [the plaintiff's] medical treatment."
20 Id. at 1132.
21      In the original complaint, plaintiff set forth a litany of complaints regarding the
22 defendants, but did not charge them with specific conduct that constituted deliberate indifference
23 as that term is described above.  Though difficult to discern from the complaint, plaintiff
24 appeared to complain that there were delays in his treatment.  Plaintiff also appeared to challenge
25 the level of care that he received.   Plaintiff did not, however, challenge the fact of his treatment
26

by defendants.

Plaintiff cannot prevail in a section 1983 action where only the quality of treatment is subject to dispute. <u>Sanchez v. Vild</u>, 891 F.2d 240 (9th Cir. 1989). Mere difference of opinion between a prisoner and prison medical staff as to appropriate medical care does not give rise to a section 1983 claim. <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981).

The court found the allegations in plaintiff's original complaint to be vague and conclusory. The court determined that the complaint did not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. <u>Id</u>. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint was be dismissed.

In the first amended complaint, Plaintiff indicates that the events at issue occurred while he was housed at the Bob Wiley Detention Facility in Tulare County. Plaintiff's statement of claim, in its entirety, follows: "I had complained of my disability (cirrhosis/liver) which it cramps up badly and weakness, blood etc. I was denied which the M.D.s station for me to call my family and have them set me up on a schedule to see a regular doctor." Plaintiff makes no reference to any of the named defendants.

Plaintiff is referred to the language in the earlier order. In order to state a claim, Plaintiff must allege facts indicating that the named defendants engaged in conduct that constitutes deliberate indifference, as that term is described. At a minimum, Plaintiff must allege facts indicating that the defendants engaged in some conduct. It is insufficient to name defendants and complaint about medical care in general. The first amended complaint fails correct the deficiencies identified in the earlier order. The first amended complaint must therefore be

dismissed. Plaintiff will, however, be granted leave to file a second amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

| | |
|---|---|
| **Dated:**   **June 5, 2007** |     **/s/  William M. Wunderlich**<br>UNITED STATES MAGISTRATE JUDGE |